# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Brenda Joyce Ashley,**
**Defendant Below, Petitioner**

**vs.) No. 21-0803** (Tyler County 18-C-22H)

**Patricia A. Bevacqua,**
**Robert G. Funari,**
**the Estate of Mario R. Funari,**
**Debra Keys Trainer,**
**Jane Workman Keys,**
**James Keys, Robyn Crigger,**
**Jerry Brown, Nancy Keys,**
**Sarah Patterson, and**
**Christina Kinkade,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Brenda Joyce Ashley appeals the Circuit Court of Tyler County's September 13, 2021, order granting the motion of Respondents Patricia A. Bevacqua, Robert G. Funari, the Estate of Mario R. Funari, Debra Keys Trainer, Jane Workman Keys, James Keys, Robyn Crigger, Jerry Brown, Nancy Keys, Sarah Patterson, and Christina Kinkade to enforce a settlement agreement, the terms of which included petitioner's consent to quitclaim certain of her fractional oil and gas interests to respondents.[1] Through two assignments of error, she argues that the circuit court's order should be reversed. For the reasons set forth below, we affirm the trial court's order.

First, we address petitioner's assertion that the circuit court should not have granted respondents' motion to enforce the settlement agreement because, as she claims, she did not authorize her attorney, Scott A. Windom, to sign the agreement on her behalf. We review the circuit court's decision to enforce the settlement agreement for abuse of discretion. *See Burdette v. Burdette Realty Improvement, Inc.*, 214 W. Va. 448, 452, 590 S.E.2d 641, 645 (2003) ("[T]his Court employs an abuse of discretion standard when reviewing a circuit court order enforcing a

---

[1] Petitioner appears by counsel Gregory H. Schillace. Respondents Patricia A. Bevacqua, Robert G. Funari, and the Estate of Mario R. Funari appear by counsel F. Thomas Rubenstein and Alex M. Greenberg. Respondents Debra Keys Trainer, Jane Workman Keys, James Keys, and Robyn Crigger appear by counsel Edmund L. Wagoner. Respondents Jerry Brown, Nancy Keys, Sarah Patterson, and Christina Kinkade appear by counsel Christian E. Turak.

settlement agreement."). Upon our review, we find no merit in petitioner's argument. The testimony provided below supports the circuit court's finding that Mr. Windom had petitioner's actual authority to execute a memorandum of settlement ("MOS") on her behalf as her agent. It is apparent that the court found Mr. Windom's testimony that petitioner and her husband authorized him to proceed with the settlement to be credible, and we defer to that credibility determination. *Ware v. Howell*, 217 W. Va. 25, 28, 614 S.E.2d 464, 467 (2005) ("Ordinarily, this Court will defer to credibility determinations made by a trial court[.]"). Therefore, we conclude that the circuit court did not abuse its discretion in finding that Mr. Windom had petitioner's express authority to execute the MOS on her behalf, binding her to that agreement.[2]

Second, we address petitioner's contention that the circuit court erred in concluding that the Statute of Frauds, West Virginia Code § 36-1-3, did not bar enforcement of the settlement agreement. We review the court's decision concerning the application of the Statute of Frauds de novo. *See Bartlett v. Lipscomb*, No. 14-0278, 2015 WL 1740942, at *3 (W. Va. Apr. 9, 2015) (memorandum decision) ("Whether an agreement falls within the Statute of Frauds is a question of law to which we apply a de novo standard of review."); *see also* Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review."). Upon our review, we find no merit to petitioner's argument concerning the Statute of Frauds. As an initial matter, we note that the Court has not decided whether the Statute of Frauds applies to settlement agreements. *See Bartlett*, 2015 WL 1740942, at *4 n.6 ("A 'majority of jurisdictions' holds that the Statute of Frauds applies to settlement agreements requiring the transfer of an interest in real property. . . . This Court has never squarely addressed the issue and it is unnecessary to do so under the facts presented in this case."). We need not make that determination under the facts of this case. Assuming, without deciding, that the Statute of Frauds applies here, it would be satisfied by Mr. Windom's signature, as he signed the MOS while acting as petitioner's agent. *See* West Virginia Code § 36-1-3 ("No contract for the sale of land . . . shall be enforceable unless the contract or some note or memorandum thereof be in writing and signed by the party to be charged thereby, *or by his agent*." (emphasis added)). Thus, upon our de novo review, we discern no reversible error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 17, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker

---

[2] Because we conclude that the circuit court did not abuse its discretion in finding that Mr. Windom had petitioner's actual authority to execute the MOS on her behalf, we need not consider whether Mr. Windom also had implied or apparent authority to do so.

2

Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn